IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOBBY KENNETH WILLIAMSON,** | : | CIVIL ACTION NO. 1:24-CV-482 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **R. WERTZ**, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Bobby Kenneth Williamson, alleges civil rights violations arising from a verbal altercation between him and a correctional officer.  We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it for failure to state a claim upon which relief may be granted.

**I.      Factual Background & Procedural History**

Williamson has been incarcerated in SCI-Huntingdon at all relevant times.  He filed his complaint on March 20, 2024.  (Doc. 1).  According to the complaint, Williamson was on his way back to his cell after picking up legal mail on March 24, 2023, when defendant Wertz, a correctional officer in the prison, approached him and said, "what's up[?]"  (Id. at 4).  Williamson responded, "what is the concern[?]"  (Id.)  Wertz then asked, "what do you mean by what is the concern[?]"  (Id.)  Williamson proceeded to walk to a nearby officer's desk, at which point Wertz allegedly came up next to him and shouted, "what, are you new here[?]  You don't ask me what is my concern.  Because I don't have to tell you what I am thinking."

(Id. at 4-5).  Wertz walked away but then allegedly turned around and "appeared to be attempting to approach" Williamson.  (Id. at 5).  A nearby officer stepped in front of Wertz to block his path.  (Id.)  Wertz then shouted at Williamson, "I am the CO here" and repeatedly asked Williamson whether he had a problem with Wertz.  (Id.)  When Williamson did not respond, Wertz allegedly stated, "I thought so."  (Id.)  The complaint alleges that several other defendant correctional officers were standing close by when Williamson and Wertz had this exchange but did not intervene.  (Id.)  The complaint further alleges that Williamson filed a grievance against Wertz following this incident and that several defendants denied him administrative relief.  (Id. at 6-7).  The complaint asserts claims for violation of the Eighth Amendment and state tort claims for assault and battery.  (Id. at 7).

## II.     Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. §


1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
  **(A)** the allegation of poverty is untrue; or
  **(B)** the action or appeal—
    **(i)** is frivolous or malicious;
    **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

**III.     Discussion**

Williamson advances state tort claims and claims for violation of the Eighth Amendment.  His tort claims fail as a matter of law because defendants are entitled to sovereign immunity.  Pennsylvania law provides that Commonwealth employees acting within the scope of their employment are entitled to sovereign immunity from most state law claims.  See Pa.C.S. § 2310.  With ten limited exceptions, see 42 Pa.C.S. § 8522, Commonwealth employees retain their sovereign immunity with respect to both intentional tort and negligence claims.  See Mitchell v. Luckenbill, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) (citing Holt v. Nw. Pa. Training P'Ship Consortium, Inc., 694 A.2d 1134, 1139 (Pa. Commw. Ct. 1997)).  None of the ten exceptions to sovereign immunity apply in the instant case.  Hence, the tort claims will be dismissed based on sovereign immunity.

Williamson's Eighth Amendment claims will likewise be dismissed.  The Eighth Amendment claims against all defendants are based on Wertz's verbal threats and harassment during their interaction on March 24, 2023.  (See Doc. 1). Verbal threats and harassment do not violate the Eighth Amendment.  See, e.g., Washington v. Rozich, 734 F. App'x 798, 801 (3d Cir. 2018) (nonprecedential); Rieco v. Moran, 633 F. App'x 76, 79 (3d Cir. 2015) (nonprecedential); Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006) (nonprecedential).[3]

---

[3] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

4

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We will deny leave to amend as futile because Williamson's state tort claims fail as a matter of law and because verbal threats and harassment do not establish a violation of the Eighth Amendment.

## IV. Conclusion

We will dismiss the complaint with prejudice and close this case. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   May 28, 2024